

FILED

APR 2 4 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    MMG              DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DORIS VY TRUONG,

                                  Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                                  Defendant.

Case No.: 3:17-cv-02179-BEN-RNB

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

**[Doc. No. 29.]**

Presently before the Court is Plaintiff Doris Vy Truong's ("Plaintiff") request for attorney fees to be reimbursed by the Social Security Commissioner under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $19,481.52, plus $500 in costs and expenses. (Doc Nos. 29-1 at 19; 33 at 10.) Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner" or "Defendant") opposes Plaintiff's motion claiming the Social Security Administration's ("Administration") position was substantially justified, Counsel's claimed enhancement is unjustified, the hours claimed are unreasonable, and the $500 expense charge is unsupported. (Doc. No. 32 at 1.) For the reasons stated below, the Court **GRANTS** Plaintiff's motion for attorney fees and costs.

///

///

# BACKGROUND

On October 24, 2017, Plaintiff, represented by Alexandra T. Manbeck, brought this action appealing the denial of social security benefits. (Doc. No. 1.) After the parties filed cross-motions for summary judgment, U.S. Magistrate Judge Robert N. Block issued a Report and Recommendation ("R&R") (Doc. No. 27) recommending that this Court grant Plaintiff's motion (Doc. No. 9) and deny the Commissioner's motion (Doc. No. 20). On December 17, 2018, the Court adopted the R&R and remanded this action for further proceedings. (Doc. No. 28.)

On February 4, 2019, Plaintiff's counsel filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), seeking $17,846.12 in fees, and $500.00 in costs pursuant to 28 U.S.C. § 1920. (Doc. No. 29.) On March 5, 2019, Defendant filed its response in opposition to Plaintiff's motion. (Doc. No. 32.) On March 11, 2019, Plaintiff's counsel filed a reply in support of its motion. (Doc. No. 33.)

# DISCUSSION

The United States Court of Appeals for the Ninth Circuit has succinctly stated the legal standard for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

3:17-cv-00025-BEN-BLM

1    When awarding attorneys' fees under the EAJA, the court should reimburse the
2    prevailing party only for those fees which are reasonably expended by that party's counsel.
3    *See* 28 U.S.C. § 2412(d)(2)(A) (2012). The prevailing party bears the burden of proving
4    the reasonableness of his request through sufficiently detailed accounts of hours expended
5    on tasks so that the court can evaluate his application. *See Hensley v. Eckerhart*, 461 U.S.
6    424, 437 (1983). Generally, if the court reduces a fee application it must provide a reason;
7    however, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based
8    purely on the exercise of its discretion and without more specific explanation." *Costa v.*
9    *Comm'r of Soc. Sec.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Moreno v. City of*
10   *Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

11   **I.    Entitlement to Fees**

12       The Defendant opposes the Plaintiff's request for fees. The Commissioner contends
13   that the Administration's position was substantially justified, and, if the Court finds
14   otherwise, Plaintiff's request is unreasonable and should not be awarded at the full amount
15   requested. Based on the following reasons, the Court finds that the Defendant's position
16   was not substantially justified and that the request for attorney fees is reasonable.

17       A plaintiff is a prevailing party if she has "succeeded on any significant issue in
18   litigation which achieve[d] some of the benefit … sought in bringing suit." *Shalala v.*
19   *Schaefer*, 509 U.S. 292, 302 (1993) (quoting *Texas State Teachers Assoc. v. Garland Indep.*
20   *Sch. Dist.*, 489 U.S. 782, 791-92 (1989)). Under the EAJA, attorney's fees are to be
21   awarded to a party winning a sentence-four remand unless the Defendant shows that his
22   position with respect to the issue on which the district court based its remand was
23   "substantially justified." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citing
24   *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995)). Here, because the Court granted
25   the Plaintiff's Motion and issued an Order remanding this matter back to the Commissioner
26   for further administrative proceedings, Plaintiff is a prevailing party. (Doc. No. 28 at 2.)

27       Under the EAJA, the prevailing party is entitled to attorney's fees "unless the court
28   finds that the position of the United States was substantially justified or that special

1  circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears
2  the burden of proving that its position, both in the underlying administrative proceedings
3  and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867,
4  870 (9th Cir. 2013). The government must establish that it "had a reasonable basis both in
5  law and fact" for its conduct. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The
6  reasonableness standard is met if the government's position is "justified in substance or in
7  the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*,
8  274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281
9  F.3d at 1083. The government must justify both the original agency action and its litigation
10 position. *Gutierrez*, 27A F.3d at 1259.

11      In this case, the government's position was not substantially justified. The District
12 Court determined that the ALJ committed the following three errors of law and fact: (1)
13 the ALJ erred in his evaluation of the examining physician, Dr. Lesser (Doc. No. 27 at 22-
14 24); (2) the ALJ's decision is incomplete because it is apparent the ALJ rejected the lay
15 witnesses' pain testimony but did not provide clear and convincing reasons for doing so
16 (*Id.* at 25-28); and (3) the ALJ's decision is incomplete because it does not include an
17 analysis of how the plaintiff's ability to function in a work setting is affected by her
18 "moderate limitations" in mental functioning (*Id.* at 37-41). (Doc. No. 33 at 2.)

19      Thus, for the reasons stated above and more clearly in this Court's Order adopting
20 the Report and Recommendation (Doc. No. 24), the Commissioner was not substantially
21 justified in defending the ALJ's decision during this litigation. Accordingly, the Plaintiff
22 is entitled to an award of attorneys' fees pursuant to EAJA, provided that they are
23 reasonable.

24 **II.    Plaintiff's Request for Fees and Costs is Reasonable**

25      The Court must now determine whether the fees requested by the Plaintiff are
26 reasonable. First, the Commissioner contends that Plaintiff's counsel is not entitled to a
27 special factor enhancement of the statutory rate.

28 ///

## A. Counsel's Enhancement Was Substantially Justified

The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). A "special factor" enhancement is available under the EAJA if "some distinctive knowledge or specialized skill [is needed] for the litigation in question." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Examples of these special factors include an "identifiable practice specialty" and a "knowledge of foreign law or language." *Id.* "Where such qualifications are necessary and can be obtained only at rates in excess of the [$125] cap, reimbursement above that limit is allowed." *Id.* Before approving the enhancement, a court must determine that (1) "the attorney . . . possess[es] distinctive knowledge and skills," (2) "those distinctive skills [are] needed in the litigation," and (3) "those skills [are not] available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (citing *Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989)). The Plaintiff has the burden of proof to show that these three requirements exist. *See Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005).

Plaintiff submits the Declaration of Alexandra T. Manbeck ("Manbeck"), which details her legal education and experience, including various specific cases involving social security benefits she has worked on. (Doc. No. 29-2 at 2 (stating additionally that counsel has "handled over 1000" social security cases involving Vietnamese applicants).) Further, Manbeck's declaration details the hours expended on the case (calculated to the half hour), date of the work, and description of the work completed. *Id.* at 4-5. She also requests a $50.00 per hour special factor enhancement above the statutory hourly rate[1] to account for

---

[1] For the Ninth Circuit, the applicable statutory maximum hourly rate under the EAJA is $196.79 for 2017 and $200.78 for 2017. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005) ("[A]ppropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CIP-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of the EAJA's $125

her expertise in social security matters and her ability to serve as a translator for Plaintiff's mother, who speaks Vietnamese. (Doc. No. 29 at 11-13.) Manbeck states that she expended a total of 71.25 hours on this case and seeks to recover $17,846.12 in fees.

The Defendant contests the Plaintiff's request for a fee enhancement on three grounds. First, this case was not a complex or unusual matter requiring special expertise in Social Security or other areas of the law, such as in *Pirus* which required specialized knowledge to litigate "a highly complex area of the Social Security Act." *Pirus v. Bowen*, 869 F.2d at 542. (Doc. No. 32 at 5.) Second, the fact that Counsel has litigated numerous Social Security cases is not a distinctive knowledge or skillset which justifies awarding counsel a fee enhancement. *Id.* at 5-6. Third, Counsel's work, in this case, did not reflect her alleged expertise in that her Vietnamese language skills since the Plaintiff was able to communicate in English and use of the Vietnamese language was only necessary when speaking with Plaintiff's caregiver, her mother. Moreover, counsels Vietnamese language skills were not necessary to prepare the Complaint, review the administrative record, draft the merits briefs, or prepare the EAJA petition.

Plaintiff meets her burden of showing that all three factors are present in this case. Manbeck's knowledge of social security law and fluency in Vietnamese constitute "distinctive knowledge and skills." *Pirus*, 869 F.2d at 541; *see also Pierce*, 487 U.S. at 572. Plaintiff also shows that these skills were needed for this litigation because, in part, Plaintiff's care provider, her mother, is unable to communicate in English. *See Love*, 924 F.2d at 1496. The Court also finds that Plaintiff could not have received this specialized representation elsewhere at the statutory rate. *See Love*, 924 F.2d at 1496.

Therefore, the Court Grants Plaintiff's request for a fee enhancement. The Defendant next argues that the number of hours that Plaintiff's counsel expended on this case is unreasonable.

statutory rate."). Plaintiff's counsel worked on this case beginning in October 2017 and continued to representation in 2018.

## B. Hours Claimed by Plaintiff's Counsel are Reasonable

In General, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[A]fter all he [or she] won, and might not have, had he [or she] been more of a slacker."). Although surveying hourly rates awarded to attorneys of comparable experience and skill can be a useful tool "it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record and when counsel was retained." Costa, 690 F.3d at 1136. If the government disputes the reasonableness of the fee, then it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

The party seeking an award of fees has the burden of demonstrating that the requested hours are appropriate and reasonable. *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation...." (*Id.* at 435.) Hours that are excessive, redundant, or otherwise unnecessary should be excluded. (*Id.* at 434.) Plaintiff's counsel provides that she expended a total of 71.25 hours in this matter and seeks attorneys' fees at a rate of $196.79 per hour for work in 2017, and $200.78 per hour for work in 2018.[2] (Doc. No. 25-2 at 5.) The Court notes that while Plaintiff originally requested 71.25 hours in attorneys' fees, in reply, Plaintiff requests an additional 6.5 hours to account for work done on the reply brief.

---

[2] Plaintiff is entitled to the cost-of-living adjustment to the statutory hourly rate pursuant to the EAJA and *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).

In response, the Defendant argues the number of hours sought by Plaintiff's counsel should be reduced by at least 36.25 hours, for a total of no more than 35 hours. (*See* Doc. No. 32.)

The Court disagrees with Defendant's recommendation and finds Plaintiff's request of 71.25 hours reasonable. Considering the amount of time that social security cases generally take, the claimed hours here are reasonable. In *Minh Doan v. Berryhill*, No. 16-cv-00841-BAS-AGS (S.D. Cal. 2018) (Doc. No. 28-4), the district court awarded plaintiff in a similar case the full amount requested of attorney fees for 97.5 hours and costs in the amount of $23,642.76 for attorney fees and $100.00 in expenses and costs. In *Viet Duong v. SSA*, 13-cv-2705 (S.D. Cal. Nov. 1, 2014), the district court found that sixty to seventy hours constitute a reasonable amount of time plaintiff's attorney spent on a "routine" Social Security case, stating as follows: "[C]ounsel's total time of sixty-seven hours is reasonable given the issues presented in this social security appeal and record of this case." Id. at 10-11.

Given that Plaintiff's Motion applies the correct hourly rate for the years 2017, and 2018, and the number of hours sought is reasonable, the Court grants the Motion for 77.75 hours of attorney's fees totaling $19,476.52.

### C. Counsel's Request for $500.00 in Costs is Not Supported

A prevailing party may also recover the costs necessary for the preparation of the case. 28 U.S.C. § 2412(d). Here, Plaintiff seeks reimbursement of the $400.00 filing fee in this action. Plaintiff does not attach any receipt in support of the costs requested. (Doc. No. 29 at 17.) The Court takes judicial notice that the docket in this action reflects the payment of the filing fee (*See* ECF No. 1 (Filing fee $400 receipt number 0974-10567611)). The Court grants the request for costs in the amount of $400.00.

Plaintiff also requests costs for service of the summons and complaint. *Id.* However, Plaintiff has not provided any receipts for service. Therefore, the request for costs of service is denied.

Therefore, the Court grants reimbursement costs in the amount of $400.00.

///

8

## III. Assignment of Rights to Counsel

Finally, Plaintiff requests that payment of the EAJA award be made directly to the Plaintiff's counsel based on an Assignment of Rights included in her signed Declaration attached to the motion. (See Doc. No. 29-3 at 2.) According to the EAJA, fees and other expenses shall be assigned to the prevailing party. 28 U.S.C. § 2412(d)(1)(A). The U.S. Supreme Court has considered whether this provision of the EAJA makes a fee payable to the prevailing party or the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 588-89 (2010). In *Ratliff*, the Court highlighted the absence of language in EAJA explicitly directing fees to attorneys and, comparing the EAJA with a provision in the Social Security Act "("SSA") making fee awards payable "to such attorney," the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in the EAJA, it would not interpret the EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." (*Id.* at 593-98 (citing 42 U.S.C. § 406(b)(1)(A)). Nonetheless, district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government. *See Bell v. Berryhill*, No. 16-cv-00809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018).

Attached to the Plaintiff's Motion is a Declaration of Doris Truong which includes a Waiver of Direct Payment provision executed by Plaintiff. (*See* Doc. No. 25 at 1-2.) The Declaration states in pertinent part,

I, "Doris Truong, upon being duly sworn, hereby declare:

.....

4.  I respectfully request that Ms. Manbeck be awarded the filing fee of $500 and her full attorney's fees as she had been the only attorney in San Diego agreeing to represent me without requesting advance payment. Indeed, I have had problems since childhood and my mother has been seeking legal help from many attorneys, none of whom agreed to represent me until my mother spoke to Ms. Manbeck.

5.  I hereby assign all the EAJA attorney fees awarded by the Court to attorney Manbeck and respectfully request that the EAJA fees and costs be sent to

1　　　　　attorney Alexandra Manbeck, Law Firm of Alexandra Manbeck, P.O. Box
2　　　　　449, Cross River, New York 10518.

3　　　　The Declaration was signed and dated by the Plaintiff on October 25, 2017. (*Id.*)

4　　　　Despite the Plaintiff's waiver, the Defendant requests the Court to follow the United
5 States Department of the Treasury's Offset Program and issue an order for EAJA fees –
6 payable to Plaintiff, not her attorney – so that the government can determine that the
7 Plaintiff does not owe a government debt that qualifies for offset. (Doc. No. 32 at 12.)
8 Once it is determined that Plaintiff does not owe a government debt that qualifies for offset,
9 then payment may be made in the name of the attorney based on the government's
10 discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.
11 (*Id.*)

12　　　　While no evidence has been presented indicating the Plaintiff owes a debt subject to
13 offset, the Court declines to Order that the EAJA fees be paid directly to the Plaintiff's
14 Counsel. After it is determined that the Plaintiff does not owe a government debt subject
15 to offset, then payment may be made in attorney Alexandra Manbeck's name.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# CONCLUSION

The Motion for Attorney Fees and Costs under the Equal Access to Justice Act is **GRANTED** in the amount of $19,476.19, plus $400 for costs.[3] This award shall be payable directly to the Plaintiff and is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

**IT IS SO ORDERED.**

Dated: April 22, 2019

_____
Hon. Roger T. Benitez
United States District Judge

---

[3] Counsel Time: <u>2017</u>: 5.5 (hours) x 246.79 (hourly rate) = $1,357.34, <u>2018</u>: 65.75 (hours) x 250.78 (hourly rate) = $16,488.78; *combined* = **$17,846.12**; Costs: $400 (filing fee) = **$400.00**; Continuing Litigation: 6.5 (hours) x 200.78 (hourly rate) = **$1,630.07**; Total = **$19,876.19**.

11